FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL A.,[1] | No. 2:24-CV-00399-MKD |
| Plaintiff, | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| v. | **ECF Nos. 11, 13** |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 11, 13. Chad Hatfield represents Plaintiff. Special Assistant United States Attorneys L. Jamala Edwards and David Burdett represent Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1

**JURISDICTION**

2          Plaintiff filed an application for Title XVI supplemental security income

3     benefits on August 8, 2019, alleging disability beginning January 1, 2019.  Tr. 15,

4     75, 208-23.  The application was denied initially and upon reconsideration.  Tr. 96-

5     104, 108-114.  An Administrative Law Judge (ALJ) held a hearing on September

6     30, 2021, Tr. 37-57, and issued an unfavorable decision on October 27, 2021.  Tr.

7     13-34.  The Appeals Council denied review on August 16, 2022.  Tr. 1-6.  This

8     Court remanded the matter on April 24, 2023.  Tr. 794-96.  The ALJ held a second

9     hearing on September 5, 2024, Tr. 735-49, and issued an unfavorable decision on

10    September 27, 2024.  Tr. 711-34.  Per 20 C.F.R. § 416.1484, the ALJ's decision

11    following this Court's prior remand became the Commissioner's final decision for

12    purposes of judicial review.  Plaintiff appealed this final decision on November 27,

13    2024.  ECF No. 1.

14          The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

15                    **STANDARD OF REVIEW**

16          A district court's review of a final decision of the Commissioner of Social

17    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

18    limited; the Commissioner's decision will be disturbed "only if it is not supported

19    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

20    1158 (9th Cir. 2012) (citations omitted).  "Substantial evidence" means "relevant

ORDER - 2

evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

ORDER - 4

1  "any impairment or combination of impairments which significantly limits [his or

2  her] physical or mental ability to do basic work activities," the analysis proceeds to

3  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

4  this severity threshold, however, the Commissioner must find that the claimant is

5  not disabled.  *Id.*

6       At step three, the Commissioner compares the claimant's impairment to

7  severe impairments recognized by the Commissioner to be so severe as to preclude

8  a person from engaging in substantial gainful activity.  20 C.F.R. §

9  416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

10  enumerated impairments, the Commissioner must find the claimant disabled and

11  award benefits.  20 C.F.R. § 416.920(d).

12       If the severity of the claimant's impairment does not meet or exceed the

13  severity of the enumerated impairments, the Commissioner must pause to assess

14  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

15  defined generally as the claimant's ability to perform physical and mental work

16  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

17  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

18       At step four, the Commissioner considers whether, in view of the claimant's

19  RFC, the claimant is capable of performing work that he or she has performed in

20  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

ORDER - 5

capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER - 6

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 8, 2019, the amened alleged onset date.  Tr. 717.

At step two, the ALJ found that Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD); anxiety disorder; depressive disorder; and polysubstance abuse disorders (amphetamine, opioid, cannabis, alcohol).  Tr. 717.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 718.

The ALJ then concluded that Plaintiff has the RFC to perform a full range of work with the following non-exertional limitations:

> [Plaintiff] is able to understand, remember, and carry out simple routine tasks and instructions.  [Plaintiff] can maintain concentration, persistence, and pace for two-hour intervals between regularly scheduled breaks.  [Plaintiff] is limited to occasional and superficial interaction with the public and coworkers.

Tr. 720.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 725.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there are jobs that existed in significant numbers in the national economy that Plaintiff

ORDER - 7

could perform, to include dishwasher, hospital cleaner, and lab equipment cleaner. Tr. 725-26.

Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the amended alleged onset date of August 8, 2019, through the date of the decision.  Tr. 726-27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

3.  Whether the ALJ erred at step two; and

4.  Whether the ALJ erred at step five.

ECF No. 11 at 4.

## DISCUSSION

### A. Medical Opinion Evidence

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER - 8

1  The new regulations provide that the ALJ will no longer "give any specific

2  evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017

3  WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a),

4  416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all

5  medical opinions or prior administrative medical findings from medical sources.

6  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

7        The factors for evaluating the persuasiveness of medical opinions and prior

8  administrative medical findings include supportability, consistency, relationship

9  with the claimant (including length of the treatment, frequency of examinations,

10  purpose of the treatment, extent of the treatment, and the existence of an

11  examination), specialization, and "other factors that tend to support or contradict a

12  medical opinion or prior administrative medical finding" (including, but not

13  limited to, "evidence showing a medical source has familiarity with the other

14  evidence in the claim or an understanding of our disability program's policies and

15  evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

16  Supportability and consistency are the most important factors, and therefore the

17  ALJ is required to explain how both factors were considered.  20 C.F.R. §§

18  404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

19  the regulations:

20        *Supportability*. The more relevant the objective medical
        evidence and supporting explanations presented by a

ORDER - 9

1

2

3    medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

4    *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical

5    sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will

6    be.

7    20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (emphases added).  The ALJ

8    may, but is not required to, explain how the other factors were considered.  20

9    C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical

10   opinions or prior administrative findings "about the same issue are both equally

11   well-supported . . . and consistent with the record . . . but are not exactly the same,"

12   the ALJ is required to explain how "the other most persuasive factors in paragraphs

13   (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

14   416.920c(b)(3).

15       The Ninth Circuit addressed the issue of whether the changes to the

16   regulations displace the longstanding case law requiring an ALJ to provide specific

17   and legitimate reasons to reject an examining provider's opinion.  *Woods v.*

18   *Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new

19   regulations eliminate any hierarchy of medical opinions, and the specific and

20   legitimate standard no longer applies.  *Id*.  The Court reasoned the "relationship

ORDER - 10

factors" remain relevant under the new regulations, and thus the ALJ can still

consider the length and purpose of the treatment relationship, the frequency of

examinations, the kinds and extent of examinations that the medical source has

performed or ordered from specialists, and whether the medical source has

examined the claimant or merely reviewed the claimant's records. *Id.* at 792.

However, the ALJ is not required to make specific findings regarding the

relationship factors. *Id.* Even under the new regulations, an ALJ must provide an

explanation supported by substantial evidence when rejecting an examining or

treating doctor's opinion as unsupported or inconsistent. *Id.*

Plaintiff argues the ALJ improperly discounted three medical opinions. ECF

No. 11 at 7-17.

### 1. Dr. Arnold (2019)

Dr. Arnold examined Plaintiff on May 28, 2019, and opined Plaintiff had,

among other things, a series of severe and marked impairments and an overall

severity rating of "marked." Tr. 369, 372. Dr. Arnold assessed Plaintiff would be

severely limited in maintaining appropriate behavior in a work setting. Tr. 372.

The ALJ found Dr. Arnold's opinion not persuasive. Tr. 723.

The ALJ first discounted Dr. Arnold's opinion as "inconsistent with the

record," noting "the totality of the record shows normal findings at least as often as

abnormalities, inconsistent with the level of limitation assigned." Tr. 723. This

ORDER - 11

finding is legally sound, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may reasonably reject doctors' opinions when they are inconsistent with or contradicted by the medical evidence), and substantial evidence supports it, *see, e.g.*, Tr. 314 (April 23, 2019, treatment note indicating "good judgment" and "happy/content, and normal activity level"); Tr. 350 (July 30, 2018, mental status examination indicating largely unremarkable and within normal limits results); Tr. 425-26 (April 10, 2019, mental status examination indicating normal thought process and thought control, fair judgment, orientation to person/time/place, normal memory, and normal language); Tr. 433-34 (January 17, 2019, mental status examination indicating same); Tr. 579 (February 10, 2021, mental status examination indicating cooperative attitude, normal speech, normal thought process and thought control, orientation to person/time/place, good fund of knowledge, and normal memory).

The ALJ also discounted Dr. Arnold's opinion as "not supported by his own evaluation," noting Plaintiff's "examination was within normal limits with respect to observational and objective evidence." Tr. 723. This finding is legally sound, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ may discount a doctor's opinion when it is inconsistent with or unsupported by the doctor's own clinical findings), and substantial evidence supports it, *see* Tr. 371 (noting "Rey: 15/15: [within normal limits]"); Tr. 373 ("Generally logical and

ORDER - 12

progressive [speech] for the most part."); Tr. 374 (assessing orientation, perception, fund of knowledge, concentration, abstract thought, insight and judgment as within normal limits).

### 2. Dr. Arnold (2020)

Dr. Arnold again examined Plaintiff on September 3, 2020, and opined, among other things, Plaintiff would have up to moderate difficulty understanding and performing simple and less physically demanding work tasks and basic instructions, marked difficulty making judgements, marked or greater difficulty interacting with others, and marked or greater difficulty maintaining employment for long periods.  Tr. 530.  The ALJ found this opinion not persuasive.  Tr. 723.

The ALJ discounted the opinion on the same grounds used to discount Dr. Arnold's prior opinion, as discussed above.  Tr. 723.  For the reasons discussed above, the ALJ did not err by discounting the opinion on these grounds.  *See* Tr. 529 (Dr. Arnold's 2020 mental status examination reflecting orientation to person/place/time, generally logical and progressive thought, engaged behavior, a judgment within normal limits).

### 3. Dr. Genthe

Dr. Genthe examined Plaintiff on January 5, 2024, and opined, among other things, Plaintiff had a series of marked limitations and an overall severity level of marked.  Tr. 985.  The ALJ found the opinion not persuasive.  Tr. 725.

ORDER - 13

1    The ALJ first discounted the opinion on the same grounds used to discount

2  Dr. Arnold's two opinions, as discussed above.  Tr. 725.  For the reasons discussed

3  above, the ALJ did not err by discounting the opinion on these grounds.  *See* Tr.

4  987-88 (Dr. Genthe's mental status examination reflecting normal speech and

5  "fairly clear[] articulation," cooperative behavior, coherent "with no evidence of

6  abnormal or delusional thought content or cognitive disturbance," orientation

7  within normal limits, and perception within normal limits).  The ALJ also noted

8  that Dr. Genthe "did not review any records," finding that "[t]he records available

9  show [Plaintiff's] abnormal findings are interspersed with normal findings, more

10  suggestive of moderate limitations than those found by Dr. Genthe."  Tr. 725.  On

11  this record, as detailed above, this was reasonable.  *See* C.F.R. § 404.1520c(c)(3)

12  (stating that the length, purpose, and extent of a medical source's relationship with

13  the claimant "may help demonstrate whether the medical source has a longitudinal

14  understanding" and appropriate "level of knowledge" about the claimant's

15  impairments).

16    **B. Plaintiff's Testimony**

17    Plaintiff faults the ALJ for failing to rely on reasons that were clear and

18  convincing in discrediting her symptom claims.  ECF No. 11 at 18-21.  An ALJ

19  engages in a two-step analysis to determine whether to discount a claimant's

20  testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2

ORDER - 14

(Mar. 16, 2016).  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks and citation omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks and citation omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and footnote omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th

ORDER - 15

Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 721-22.

ORDER - 16

1    The ALJ offered numerous reasons to discount Plaintiff's testimony, at least

2    three of which the Court finds well supported.  First, the ALJ discounted Plaintiff's

3    testimony as inconsistent with the objective medical evidence, to include mental

4    status examinations.  Tr. 721.  "Contradiction with the medical record is a

5    sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v.*

6    *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v.*

7    *Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).  The ALJ did not err and relied on

8    substantial evidence—including, as discussed above, a series of mental status

9    examinations and treatment notes—by discounting Plaintiff's testimony on this

10   ground.

11    Next, the ALJ discounted Plaintiff's testimony as inconsistent with

12   Plaintiff's improvement with and course of treatment.  Tr. 721-22.  "[E]vidence of

13   medical treatment successfully relieving symptoms can undermine a claim of

14   disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20

15   C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)).  Substantial evidence supports this

16   ground. *See, e.g.*, Tr. 317 ("medication very helpful"); Tr. 580 ("She is responding

17   very well to [new medication].  Her mood is good.  She is sleeping well. It is

18   working for her.").  The ALJ thus reasonably relied on this ground to discount

19   Plaintiff's testimony.

20

ORDER - 17

The ALJ also discounted Plaintiff's testimony as inconsistent with Plaintiff's noncompliance with treatment. Tr. 722. "An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms." *Jeanette R. v. Kijakazi*, 620 F. Supp. 3d 1127, 1138 (E.D. Wash. 2022) (citing *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)). Substantial evidence supports this ground. *See, e.g.*, Tr. 974 (treatment note indicating Plaintiff refused to take GAD-7 and PHQ-2/PHQ-9 mental health assessments); Tr. 1059 (same); Tr. 584 (treatment note indicating noncompliance with medication usage); Tr. 573 (treatment note indicating Plaintiff discontinued medication usage and "doesn't want any" medication). The ALJ thus reasonably relied on this ground to discount Plaintiff's testimony.

Because the ALJ gave at least three valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Carmickle*, 533 F.3d at 1162.

**C. Step Two**

Plaintiff argues the ALJ erred at step two by "rejecting [her] bilateral lower extremity edema as groundless." ECF No. 11 at 17. However, in determining Plaintiff's RFC, the ALJ addressed Plaintiff's physical impairments and

ORDER - 18

complaints.  Tr. 723 (discussing Dr. Smiley's "thorough examination" of Plaintiff, to include physical impairments and complaints).  Because the ALJ discussed and rejected Plaintiff's physical impairments and complaints as disabling in determining Plaintiff's RFC, any error at step two was harmless.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**D. Step Five**

Plaintiff argues "the vocational testimony relied on by the ALJ at step five was without evidentiary value because it was provided in response to an incomplete hypothetical."  ECF No. 11 at 21.  This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence and reasonably discounted Plaintiff's testimony.  This restatement of Plaintiff's argument fails to establish error at step five.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 11**, is **DENIED**.

2. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

ORDER - 19

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE.**

3       DATED January 23, 2026.

4                    *s/Mary K. Dimke*
                    MARY K. DIMKE
5              UNITED STATES DISTRICT JUDGE

ORDER - 20